**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00143-CMA

RUBEN TRUJILLO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
ATTORNEYS' FEES PURSUANT
TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

---

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. # 20). Plaintiff filed the instant motion on May 10, 2011, following this Court's Order reversing and remanding the Commissioner's denial of Plaintiff's applications for disability benefits. The Commissioner responded on May 24, 2011, and Plaintiff replied on June 10, 2011 (Doc. ## 21 and 24, respectively.) For the reasons stated below, Plaintiff's motion is granted.

## I. <u>BACKGROUND</u>

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 8), and the Court's oral ruling. (Doc. # 19.) A short recap follows.

Plaintiff's application for Social Security Disability Benefits was denied by Defendant, a decision later affirmed by an Administrative Law Judge ("ALJ"). After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed to the district court. In a March 30, 2011 oral ruling, this Court rejected Plaintiff's claims that the ALJ failed to properly weigh the opinion evidence. Likewise, the Court rejected Plaintiff's claim that the portion of the ALJ's residual functional capacity ("RFC") assessment concerning mental limitations was not supported by substantial evidence. However, the Court ultimately reversed and remanded this case because it was unable to discern how the ALJ arrived at his assessment of Plaintiff's physical RFC. (Doc. # 19 at 9.) The Court instructed the Commissioner on remand to develop a record to ensure that the RFC is based on substantial evidence. After issuing its order, the Court entered judgment in favor of Plaintiff and against Defendant on February 25, 2011. (Doc. # 18.)

## II.  LEGAL STANDARD

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Defendant does not dispute that Plaintiff is a prevailing party and does not assert any special circumstances, thus, the only issue is whether Defendant's position was substantially justified. Although this Court has already found that the ALJ committed

reversible error, an EAJA analysis requires a fresh look.  *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (noting that the government's "position can be justified even though it is not correct").  The government's position must be "justified to a degree that could satisfy a reasonable person."  *Pierce*, 487 U.S. at 565.  In other words, "the government must prove that its case had a reasonable basis in law and in fact."  *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988); *see also United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984) (noting that there must be "a reasonable basis in truth for the facts . . . a reasonable basis in law for the theory it propounds . . . [and] the facts alleged [must] reasonably support the legal theory advanced.").  It is the government's burden to show that its position was substantially justified.  *See Hackett v. Barnhart*, 475 F.3d 1166, 1173 (10th Cir. 2007).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation."  *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 2005); *Commissioner, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161-62 (1990) ("the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items.").  Thus, the Court must look at the totality of circumstances to determine whether the government acted reasonably during the underlying litigation.  *See Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138 (4th Cir. 1993).

### III. **ANALYSIS**

The issue is whether the Commissioner's position in defending this case was substantially justified. The Commissioner asserts that the ALJ's error was merely a deficiency in articulation and that "there was record evidence to support the ALJ's decision."[1] (Doc. # 5.) However, in its oral ruling, the Court noted that it was unable to "find any medical opinion or evidence from which it could be determined that plaintiff could" perform the exertional requirements in the ALJ's RFC. (Doc. # 19 at 13.) Furthermore, the Commissioner failed to explain in its Response what record evidence actually supported the ALJ's decision. As it is the Commissioner's burden to prove that its position was substantially justified, *see Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), the conclusory assertion that the ALJ's decision was supported by record evidence does not suffice.

The Commissioner cites two Seventh Circuit decisions for the proposition that deficiencies in articulation alone generally do not warrant an award of attorneys' fees under the EAJA. *See Cunningham v. Barnhard*, 440 F.3d 862, 865 (7th Cir. 2006) (Commissioner was substantially justified where "[t]he medical evidence supports the ALJ's decision, although he did fail to adequately explain the connection."); *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("The requirement that the ALJ articulate

---

[1] The Commissioner also notes that the "Court found only one of Plaintiff's five asserted errors had merit." (Doc. # 21 at 4.) Although the Court rejected some of Plaintiff's arguments, this has no bearing on the reasonableness of the Commissioner's position in the context of the totality of the circumstances. *See McLeran v. Astrue*, No. 09-cv-02924, 2011 WL 1666831, at *2 (D. Colo. May 3, 2011) (citing *Hackett*, 475 F.3d at 1174).

his consideration of the evidence is deliberately flexible . . . . That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified."). These cases are readily distinguishable because, as discussed, there was no record evidence in this case that supported the ALJ's RFC assessment. *Cf. Cunningham*, 440 F.3d at 865 ("there was medical evidence in the record to support the ALJ's conclusion, even though it was not fully explained."); *Stein*, 966 F.2d at 320 ("There was evidence to support the [Commissioner's] position."). Because the Commissioner has not met its burden of showing that its litigation position was substantially justified – to a degree that could satisfy a reasonable person – an award of attorney fees is justified under the EAJA.

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of the fee request. Plaintiff requests $5,510.62 in fees for 32.8 hours of work at an hourly rate of $167.50, and has attached documentation to his motion in support of those fees. (Doc. ## 20-1, 24.) The Commissioner raises no objections to the reasonableness of these requested fees. The Court has reviewed the billing records and finds that counsel reasonably spent 32.8 hours on this matter. Further, Plaintiff's hourly rate is also reasonable based on the statutory rate of $125.00 per hour, plus a cost of living adjustment calculated pursuant to the Consumer Price Index. (*See* Doc. # 20-1.)

```
```
## IV. **CONCLUSION**

Accordingly, IT IS ORDERED that Plaintiff's Motion for Award of Attorneys' Pursuant to the EAJA (Doc. # 20) is GRANTED and Defendant is ORDERED to pay to Plaintiff **$5,510.62** in attorneys' fees under the EAJA.  The EAJA attorney fees award shall be made payable to Plaintiff and delivered to Plaintiff's attorney.

DATED:  July  19 , 2011

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge